United States District Court
Southern District of Texas
**ENTERED**
July 11, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA MARIA MELENDEZ-JIMENEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-107 |
| | § | Criminal No. B:15-168-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 9, 2018, Petitioner Rosa Maria Melendez-Jimenez filed a Motion to Vacate, Set Aside, or Correct her Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. In such cases, the Government is not required to file a response prior to the Court dismissing the case. Id.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be dismissed in part as untimely filed, or alternatively, denied in full as meritless.

### I. Procedural and Factual Background

On March 10, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Melendez-Jimenez and a co-defendant for illegally exporting defense articles into Mexico, a violation of 22 U.S.C. §§2778(b)(2) and 2778(c). U.S. v. Melendez-Jimenez, Criminal No. 1:15-168-1, Dkt. No. 14 (hereinafter "CR").

**A. Trial**

On May 26, 2015, a three-day jury trial began in Melendez-Jimenez's case. As relevant here, Melendez-Jimenez's primary defense was that "she did not have knowledge of what was going on." CR Dkt. No. 89, p. 3. Melendez-Jimenez's co-defendant, Pedro Ramirez-Aguirre, reached an agreement with the Government and testified against

1

Melendez-Jimenez. Id, pp. 1-2. The Court permitted Ramirez-Aguirre, over the objections of defense counsel, to testify about a shipment of weapons that occurred prior to the conduct charged in this case. Id. The Court permitted the testimony for the sole purpose of showing knowledge and intent. Id. Ramirez-Aguirre testified that during the prior shipment, Melendez-Jimenez asked him if he "knew what [he] was taking" into Mexico. CR Dkt. No. 89, p. 52. When Ramirez-Aguirre said he didn't know, Melendez-Jimenez told him that he was transporting "bullets." Id.

At the conclusion of the second day of trial, the Government rested its case in chief. CR Dkt. No. 89, p. 248. At the beginning of the final day of trial, the Government moved to reopen the case to have a Customs and Border Protection officer testify about government records showing that Melendez-Jimenez crossed into Mexico 16 times in the month prior to her arrest. CR Dkt. No. 91, pp. 2-3. Defense counsel objected, arguing that the reopening of the case prejudiced Melendez-Jimenez because "[w]e've prepared a defense going forward overnight based upon their being rested; and at this point calling the new witness to me is surprise, shock, and causes me much angst." Id. The Court overruled the objection, finding that it didn't "see any prejudice to the defendant." Id, p. 4.

After the Government "re-rested," Melendez-Jimenez's four daughters testified on her behalf. CR Dkt. No. 91, p. 21.

The jury found Melendez-Jimenez guilty after deliberating for around 100 minutes. CR Dkt. No. 91, p. 173.

**B. Sentencing**

In the final presentence report ("PSR"), Melendez-Jimenez was assessed a base offense level of 26. CR Dkt. No. 71, pp. 7-8. She was also assessed a 2-level enhancement for serving as an "organizer, leader, manager or supervisor" of the criminal activity. Id. Thus, Melendez-Jimenez was assessed a total offense level of 28. Id.

Regarding her criminal history, Melendez-Jimenez had five adult criminal convictions and was assessed one criminal history point, resulting in a criminal history category of I. CR Dkt. No. 71, p. 9-10. An offense level of 28 and criminal history category of I, produced a sentencing guideline imprisonment range of 78 to 97 months.

On August 28, 2015, the Court sentenced Melendez-Jimenez to 78 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 97. The judgment was entered on December 1, 2015. Id.

### C. Direct Appeal

Melendez-Jimenez timely filed a notice of direct appeal. CR Dkt. No. 75. On direct appeal, she argued that the Court erred by: (1) permitting Ramirez-Aguirre to testify about the prior shipments, because that testimony violated Fed. R. Evid. 403; and, (2) permitting the Government to re-open the evidence after it had rested. CR Dkt. No. 105.

On August 8, 2016, the Fifth Circuit issued a four-page unpublished opinion, which rejected both of these arguments. CR Dkt. No. 105. The Fifth Circuit held that both issues were within the discretion of the trial court and that the court did not abuse that discretion. Id. It affirmed Melendez-Jimenez's conviction. Id.

On January 9, 2017, the Supreme Court denied Melendez-Jimenez's petition for writ of certiorari. CR Dkt. No. 106.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On July 9, 2018, Melendez-Jimenez filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. In that motion she raises four issues: (1) the crime she was convicted of is now unconstitutional as a result of the Supreme Court's decision in Sessions v. Dimaya[1]; (2) her counsel was ineffective for failing to challenge her illegal re-entry; (3) her counsel was ineffective "for allowing the government to re-open its case the day after it rested"; and, (4) her counsel was ineffective "for allowing the District Court to error" by permitting Ramirez-Aguirre's testimony about the prior shipment. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

---

[1] Sessions v. Dimaya, — U.S. —, 138 S.Ct. 1204 (2018).

**II. Applicable Law**

   **A. Section 2255**

Melendez-Jimenez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

Furthermore, "[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

   **B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the petitioner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." Bartholomew, 974 F.2d at 41. The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Melendez-Jimenez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

**A. Timeliness**

As previously noted, Melendez-Jimenez raises four issues in the instant petition: (1) the crime she was convicted of is now unconstitutional as a result of the Supreme Court's decision in Dimaya; (2) her counsel was ineffective for failing to challenge her illegal re-entry; (3) her counsel was ineffective "for allowing the government to re-open its case the day after it rested"; and, (4) her counsel was ineffective for permitting Ramirez-Aguirre's testimony about the prior shipment. Dkt. No. 1.

As to the first claim, her motion is timely. The same cannot be said regarding the remaining three claims. As to those, Melendez-Jimenez's § 2255 motion is untimely filed and should be dismissed for that reason.

On January 9, 2017, the Supreme Court denied her petition for writ of certiorari. CR Dkt. No. 106. Melendez-Jimenez's conviction became final on that date. U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

A defendant must file a § 2255 motion within one year of her conviction becoming final. 28 U.S.C. § 2255(f)(1). Thus, Melendez-Jimenez had until January 9, 2018, to timely file her § 2255 petition.

Melendez-Jimenez certified that she placed her motion into the prison mail system on June 28, 2018. Dkt. No. 1, p. 12. Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, after taking into account the prison mailbox rule, Melendez-Jimenez's § 2255 motion was over six months late.

Melendez-Jimenez asserts that her motion is timely, because it is filed within one year of the Supreme Court's decision in Dimaya. Dkt. No. 1, p. 10. As to her Dimaya-based claim, she is correct. See 28 U.S.C. § 2255(f)(3) (claim is timely if filed within one year of Supreme Court decision creating a new right that is "retroactively applicable to cases on collateral review."). The Supreme Court's decision was issued on April 18, 2018. Dimaya, — U.S. —, 138 S.Ct. 1204 (2018). The Court will assume, without deciding, that Dimaya is retroactively applicable to cases on collateral attack.

The fact that the Dimaya based claim may be timely does not render the remaining three ineffective assistance claims timely. The Court should apply the statute of limitations to each claim individually. See In re Young, 789 F.3d 518, 528 (5th Cir. 2015) (While the Fifth Circuit has not expressly ruled on the issue, "it appears that applying the statute of limitations to each claim is consistent with AEDPA and the precedent of other circuits."). Thus, on their face, Melendez-Jimenez's claims numbered two, three, and four, above, were

6

filed six months after the limitations period expired.

There is no basis for equitable tolling of the ineffective assistance claims. The Fifth Circuit has repeatedly held that in order for equitable tolling to apply, the petitioner must diligently pursue his rights throughout the limitation period. Palacios v. Stephens, 723 F.3d 600, 608 (5th Cir. 2013); Clarke v. Rader, 721 F.3d 339, 345 (5th Cir. 2013); Koumjian v. Thaler, 484 Fed. App'x. 966, 969, n. 1 (5th Cir. 2012) (unpubl.) ("We have noted repeatedly that [e]quity is not intended for those who sleep on their rights.") (internal citations and quotations omitted). Melendez-Jimenez has not established that she was diligently pursuing her rights throughout the year after her cert petition was denied.

Given that claims two, three, and four were untimely filed – and are not saved by equitable tolling – they should be dismissed. Even if any of the claims in the petition are considered on their merits, they fare no better and should be denied.

**B. Constitutionality**

In her Dimaya claim, Melendez-Jimenez asserts that the crime she was convicted of is now unconstitutional as a result of the Supreme Court's decision in Dimaya. Given that Melendez-Jimenez's case had nothing to do with Dimaya or the law involved in that case, this allegation is substantively meritless.

In Dimaya, the Supreme Court held that the definition of a "crime of violence," found at 8 U.S.C. § 16(b), was unconstitutionally vague as applied and incorporated into the immigration law. Dimaya, 138 S. Ct. at 1223. Under § 16(b), a crime of violence was defined as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 8 U.S.C. § 16(b). That definition was incorporated by reference into the immigration law for determining whether a prior conviction was an "aggravated felony" for purposes of deportation proceedings. 8 U.S.C. § 1101(a)(43)(F). Based on its prior holding in Johnson v. U.S., 576 U.S. __, 135 S.Ct. 2551 (2015), the Supreme Court held that interpreting § 16(b) "necessarily devolved into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." Dimaya, 138 S. Ct. at 1223 (internal quotations omitted).

First, Dimaya has no direct application to Melendez-Jimenez's case. Melendez-Jimenez's case did not involve § 16(b) in any shape or form. It was not incorporated into the elements of the offense and it was not used to enhance her sentence.

Secondly, even if the Court views the holding in Dimaya more broadly, it is still inapplicable to this case.

As previously noted, the Supreme Court held § 16(b) unconstitutional in Dimaya because it was impossible to clearly ascertain which convictions were implicated by the statute, thus inviting "arbitrary enforcement" and failing to "provide fair notice" to ordinary people. Dimaya, 138 S. Ct. at 1223. An examination of the elements of the offense in this case establishes that the problems identified in Dimaya are not present in this case.

The elements of the offense in this case are straight-forward. "To sustain a conviction under 22 U.S.C. § 2778, the government must prove beyond a reasonable doubt that the defendant willfully exported or attempted to export defense articles that are on the United States Munitions List without a license. Hence, the statute requires the government to prove that the defendant acted with specific intent to violate a known legal duty." U.S. v. Caldwell, 295 F. App'x 689, 694 (5th Cir. 2008) (quoting U.S. v. Covarrubias, 94 F.3d 172, 175 (5th Cir. 1996)).

As to the "defense articles" element, the statute authorizes the President to define "those items which shall be considered as defense articles and defense services for the purposes of this section." § 2778(a)(1). The President has done so and there is a specific listing of what are considered "defense articles." See § 2778(a)(1) (the list of defense articles is known as the "United States Munitions List") and 22 C.F.R. § 121, et. seq. (the United States Munitions List, which lists each defense article under the statute). Accordingly, the statute and the accompanying regulation clearly define what is considered a "defense article" and create "minimal guidelines to govern law enforcement." Kolender v. Lawson, 461 U.S. 352, 357-358 (1983).

Furthermore, the Government must establish, as an element of the offense, that the defendant knowingly imported or exported these items with the intent to violate a known

8

legal duty, so a defendant cannot be convicted based on innocent or unknowing exportation. Caldwell, 295 F. App'x at 694. Accordingly, the statute gives "ordinary people fair notice of the conduct that it punishes." Kolender, 461 U.S. at 357-358. The statute does not invite arbitrary enforcement and provides fair notice to defendants.

Because Dimaya is neither directly or indirectly applicable to Melendez-Jimenez's case, this claim should be denied as meritless. The same result applies to Melendez-Jimenez's various ineffective assistance claims.

### C. Illegal Reentry

Melendez-Jimenez argues that her counsel was ineffective for failing to challenge her illegal re-entry conviction. There was no such conviction and the argument must fail.

Melendez-Jimenez's petition claims she "was an alien convicted of illegal re-entry of the United States after removal." Dkt. No. 1, p. 13. This is factually incorrect. Melendez-Jimenez has never been convicted of illegal re-entry. CR Dkt. No. 71, p. 9. At the time that she committed the instant offense, she was a legal permanent resident of the United States. Id. p. 11. Accordingly, this claim is meritless and should be denied.

### D. Ineffective Assistance of Counsel

Melendez-Jimenez asserts that her counsel was ineffective "for allowing the government to re-open its case the day after it rested"; and, for permitting Ramirez-Aguirre's testimony about the prior shipment. Dkt. No. 1. Both of these claims should be denied.

Melendez-Jimenez's trial defense counsel objected to both; he objected to the Government being permitted to re-open the evidence and to Ramirez-Aguirre's testimony. CR Dkt. No. 89, pp. 2-3; CR Dkt. No. 91, pp. 2-3. Thus, he made the objections that Melendez-Jimenez claims he was ineffective for failing to make. Instead, the issues were raised, arguments were made, and the arguments were rejected.

The fact that the argument was ultimately unsuccessful does not mean the lawyer was ineffective. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.").

Furthermore, the Fifth Circuit has already decided that the District Court did not err by allowing the Government to re-open the evidence or by allowing Ramirez-Aguirre's testimony about the prior shipment. CR Dkt. No. 105. The Court is not permitted to revisit these decisions on collateral attack. Fields, 761 F.3d at 463 n. 12 ("[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion."). This holding extends to arguing that counsel was ineffective, when the underlying issue – that the ineffective assistance claim is based upon – was resolved on direct appeal. U.S. v. Satterwhite, 55 F.3d 633 (5th Cir. 1995).

Accordingly, these claims are meritless and should be denied.

## IV. Recommendation

It is recommended that as to the claim that Petitioner Rosa Maria Melendez-Jimenez's that her conviction is unconstitutional under the holding of Sessions v. Dimaya, her petition should be denied.

It is further recommended that as to the claims that as to Melendez-Jimenez's claims that her counsel was ineffective for (1) failing to challenge her illegal re-entry conviction; (2)"for allowing the government to re-open its case the day after it rested"; and, (3) for permitting her co-defendant's testimony about the prior shipment, that her petition be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Melendez-Jimenez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Melendez-Jimenez's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 11, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge