United States District Court
Southern District of Texas
**ENTERED**
August 03, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA MARIA MELENDEZ-JIMENEZ | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-107 |
| | § | CRIMINAL ACTION NO. 1:15-CR-168-1 |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent | § | |

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court in the above referenced proceeding are Movant Rosa Maria Melendez-Jimenez's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 1), the Magistrate Judge's Report and Recommendation that the Court deny the § 2255 Motion (Doc. 4), and Movant's Objections to the Report and Recommendation (Doc. 8). For the reasons stated below, Movant's Objections (Doc. 8) are overruled, the Magistrate Judge's Report and Recommendation (Doc. 4) is adopted, and Movant's § 2255 Motion (Doc. 1) is dismissed.

On July 27, 2018, Movant filed timely objections to the Report and Recommendation. Therefore, the Court will review the findings by the Magistrate Judge to which Movant specifically objects *de novo*. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

First, Movant argues that she has a cognizable claim for ineffective assistance of counsel. The Court agrees with the Magistrate Judge that Movant's trial counsel made appropriate objections at the time of her trial, and the fact that the trial court overruled those objections does not demonstrate the ineffective assistance of counsel. Movant's claim is meritless and should be dismissed.

Second, Movant argues that the crime she was convicted of is now unconstitutionally

vague as a result of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court held that the definition of a "crime of violence," found at 8 U.S.C. § 16(b), was unconstitutionally vague as applied and incorporated into the immigration law. *Id.* at 1223. The Court agrees with the Magistrate Judge that the holding in *Dimaya* is inapplicable to this case and Movant's claim is meritless and should be dismissed.

After having conducted this independent review, agreeing with the findings and recommendations of the Magistrate Judge, and concluding that Movant's objections are not supported by law or evidence, the Court **OVERRULES** Movant's Objections (Doc. 8) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 4) as its own.

Finally, under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* FED. R. APP. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from . . . a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam)).

Accordingly, it is

**ORDERED** that the Movant's § 2255 Motion is **DENIED**. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 3rd day of August, 2018.

_____
Fernando Rodriguez, Jr.
United States District Judge